[S. F. No. 648. Department One.—January 8, 1898.]

FLETCHER F. RYER, Respondent, v. PAUL OESTING et al., Appellants.

SERVICES IN OBTAINING RENEWAL OF LEASE—ORAL AGREEMENT FOR COMPENSATION—DELIVERY OF LEASE FOR LESS TERM—PRIOR WRITTEN CONTRACT—MERGER—ESTOPPEL.—An oral agreement made between plaintiff and defendants that plaintiff should use his services in obtaining the renewal of a ten-year lease, which was about to expire, in consideration of a monthly payment to be made to plaintiff during the renewed term, the desire being expressed for a new lease of ten years, is merged in a written contract to pay such compensation for a shorter term of three years, which was entered into prior to the delivery of a new lease therefor, which had been executed by the lessor and placed in the possession of plaintiff, and which he was under no obligation to deliver, unless such written contract was made; and the essential act of the delivery of the lease remaining to be performed when the written contract was entered into, his entire service in procuring a new lease, which was one transaction, must be deemed to have been made under the written contract, and defendants are estopped by such contract from objecting that the services were rendered under a different oral agreement, and that plaintiff could only recover upon a *quantum meruit*, and not under the written contract, and from objecting that the lease delivered to and accepted by them was not in accordance with the terms of the contract.

ID.—SURRENDER OF LEASE—CONTINUANCE OF OBLIGATION TO PLAINTIFF.—The terms of the contract being to pay a monthly compensation during the period for which the premises were leased, the defendants could not escape their obligation to make such monthly payments, by surrender of the lease before the expiration of the term.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

J. D. Sullivan, and Herbert Choynski, for Appellants.

R. H. Countryman, for Respondent.

VAN FLEET, J.—Appeal by defendants from an order denying them a new trial. The action is to recover certain installments alleged to be due plaintiff under a contract in writing between him and defendants which, by its terms, provided that if plaintiff, through his efforts, labor, and services, should procure and obtain for defendants from his father, Dr. Ryer, the owner of certain premises, a lease thereof for the term of three years, commencing on the first day of August, 1890, they would pay plaintiff for his services in securing the lease the sum of four hundred dollars per month during the entire term of such lease; it being alleged that in pursuance of such written contract plaintiff did, by his efforts and services, procure such lease in accordance with the terms thereof.

The answer admitted the execution of the written contract, but denied that the lease obtained by plaintiff was procured thereunder, and alleged in substance that the lease was procured in pursuance of another and verbal agreement made before the execution of the writing.

The evidence showed without substantial conflict that defendants, who were at the time occupying, under lease from plaintiff's father, certain premises in the city of San Francisco as a drugstore, came to plaintiff in May, 1890, and represented that their lease would expire on the 31st of July following; that they desired a renewal thereof, but that they had fallen under the displeasure of Dr. Ryer, and he had positively refused to renew the lease or permit them to remain upon the premises longer than the term of their then existing lease; that their business was of great value, the income therefrom being several thousand dollars per month, and the goodwill alone worth more than thirty thousand dollars; that while the business was thus valuable and lucrative in its then location, the removal meant its practical destruction and their ruin. In this dilemma they desired to enlist plaintiff's services to procure an extension of their lease, and they proposed that if plaintiff would undertake to use his good offices with his father in their behalf, and should succeed in procuring an extension of their lease, they would give

plaintiff either an interest in the business or its equivalent in monthly payments during the term of the lease, as he might elect. Plaintiff finally consented to use his efforts with his father in an endeavor to secure a new lease for defendants, accepting the proposition for a compensation in monthly payments; and plaintiff immediately set about making the effort to induce his father to renew the lease, interceding with his father on several occasions, and procuring others to do so, and informing him that it would be to plaintiff's benefit if the lease was made. Defendants' first desire was a renewal for a term of ten years, but this Dr. Ryer flatly refused, and at first refused to renew the lease for any term, but he was eventually induced by plaintiff, after much and repeated effort, to give defendants a lease for three years, and this defendants agreed to accept. Thereupon plaintiff drafted the agreement counted upon, which in all substantial respects reflects the previous oral understanding of the parties, and, procuring the lease to be signed by his father, took the two papers to defendants to be executed by them. Defendants, after being permitted by plaintiff to read the lease, and finding it satisfactory, executed and delivered to plaintiff the contract, and thereupon plaintiff delivered to them the lease, which was accepted and signed by them. The stipulated payments were regularly made to plaintiff in accordance with the contract down to March, 1892, when defendants, without the knowledge or consent of plaintiff, procured their lease to be canceled by Dr. Ryer, sold out their business, and thereafter refused to further recognize the obligation of their contract with plaintiff, or to make further payments thereunder. Thereupon this action was brought, resulting in a verdict and judgment for plaintiff.

Defendants' main contention is, that a new trial should have been granted because of a failure of proof to sustain the cause of action alleged, in that plaintiff counts upon the agreement in writing, whereas the evidence shows that all plaintiff did in the matter was performed under the verbal understanding antedating the writing, by the terms of which it is contended plaintiff was to procure a lease for ten years instead of three; that defendants' offer of compensation was made upon the basis of such ten years' lease, and plaintiff having performed a service of

less value than that contracted for, he cannot recover upon the contract, but, if at all, only upon a *quantum meruit*, for the reasonable value of his services. But there is no real merit in this contention. It is true that the original desire ex-·pressed by defendants was for a ten year lease, but it clearly appears that before the lease was procured defendants knew that it could not be had for that term, and had consented to accept one for three years. And while it is also true that the efforts of plaintiff in obtaining the lease had been performed before the written contract for plaintiff's compensation was executed, it is a misconception of the effect of the evidence to say that the obtaining of the lease, so far as defendants were concerned, was not had under that contract. It can make no difference, under the facts disclosed, that the labor and efforts required of plaintiff in influencing his father to renew the lease were expended before the actual execution of the writing. The thing required of him as a consideration of defendants' obligation was the procuring of the lease for them, and this was not accomplished or completed, so far as their rights thereto were concerned, until the delivery of the lease by plaintiff to them, and its acceptance. While plaintiff had secured the execution of the lease by his father, he was under no obligation to deliver the same to the defendants until they had either paid or provided for his compensation. He was not their agent in the transaction in the sense that delivery to him was delivery to them. He was under no obligation to deliver the instrument until they had given him satisfactory assurance for his compensation. He could have returned the paper to his father and abandoned the enterprise at any time before its delivery to defendants, and have rested under no liability to the latter. This defendants no doubt realized and understood, since they executed the writing, not only knowing that the lease was then in plaintiff's possession, but after they had read and approved of its terms. The essential act of delivery to complete plaintiff's part of the contract remaining at the time the written agreement was entered into, his entire service, which was one transaction, is to be deemed to have been had thereunder, since all previous oral negotiations were merged therein; and defendants are estopped by their writing from making the objection now urged.

This is very evidently the theory upon which the instruction assailed by defendants was given to the jury, and the instruction was clearly right.

Defendants are also estopped from making the further objection that the lease was not in accordance with the terms of their contract, they having accepted and acted under it without objection.

The further point, that under the terms of the contract they were only obligated to make the monthly payments while they continued to hold under the lease, is wholly without support.

There is no error in the record, and the order is affirmed.

Harrison, J., and Garoutte, J., concurred.

Hearing in Bank denied.